UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOWANDA SMITH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED OF OMAHA LIFE INSURANCE, <br><br> Defendant. | Case No. 15-CV-1344-JPS <br><br><br> ORDER |

1.  INTRODUCTION

On June 15, 2016, the defendant, United of Omaha Life Insurance ("United"), filed a motion for partial summary judgment, as well as a memorandum in support, statement of facts, and witness affidavits with exhibits attached thereto. (Motion, Docket #8; Memorandum in Support, Docket #9; Statement of Facts, Docket #15; Affidavit of Dennis Dickman, Docket #10; Affidavit of Cathy Hansen, Docket #11 with Exhibits attached as Docket #11-1, 12, 13, and 14). On July 14, 2016, the plaintiff, Lowanda Smith ("Smith"), filed a memorandum in opposition to the motion, along with a response to the statement of facts, a statement of additional facts, and affidavits of witnesses and counsel. (Memorandum in Opposition, Docket #17; Response to Statement of Facts and Statement of Additional Facts ("RSOF"), Docket #18; Affidavit of Gregory J. Cook, Docket #17-1; Affidavit of Lowanda Smith, Docket #17-2; Affidavit of John D. Rouse, Docket #19). On July 28, 2016, United filed a reply in support of its motion and a response to Smith's statement of additional facts. (Reply, Docket #20; Response to Statement of Additional Facts ("RSAF"), Docket #21). The motion is now fully briefed, and for the reasons explained below, it will be granted.

2. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("FRCP") 56 provides the mechanism for seeking summary judgment. FRCP 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. SMITH'S REQUEST FOR SUMMARY JUDGMENT

Smith, in her response to United's motion, seeks summary judgment on her breach of contract claim pursuant to FRCP 56(f). (Docket #17 at 7-10); Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). FRCP 56(f) is a tool for the Court, not parties, to dispose of a case on summary judgment where it believes such action is appropriate. It may not be used to make an end-run around the Court's dispositive motion deadline. *See National Exchange Bank and Trust v. Petro-Chemical Systems, Inc.*, No. 11-CV-134, 2013 WL 1858621 *1 (E.D. Wis. May 1, 2013) ("Rule 56(f) exists largely for the convenience of the court, to save it from proceeding with trials that it can readily see are unnecessary. It did not create a substitute for a cross-motion to summary judgment.").

Smith's request for summary judgment comes just under one month after that deadline. Further, she relies on evidence beyond that contained in United's briefing, including a statement by the decedent Calvin Nutt's ("Nutt") treating physician, a statement from medical examiners from Milwaukee County, and affidavits from both Smith herself and from the agent who sold the insurance policy at issue. (Docket #17 at 8-10). Smith was fully equipped to present this evidence in her own motion for summary judgment by the dispositive motion deadline, which has been in place since December 10, 2015. (Docket #7 at 1). The Court will not permit her to side-step the Court's trial scheduling order or the requirements of FRCP 56 and Civil Local Rule 56. Smith's request for summary judgment will not be considered.

4.   RELEVANT FACTS

The relevant facts are largely undisputed, but the Court will note the parties' disagreement on any facts where appropriate. In accordance with the standard of review, the facts are presented in a light most favorable to Smith. Nevertheless, in light of the above ruling, the Court will limit this narrative to the facts relevant to United's claim for summary judgment.

On April 4, 2014, Nutt and Smith submitted an application for life insurance to United. RSOF ¶ 1.[1] Smith was the policy owner and beneficiary. RSOF ¶ 2. John Rouse ("Rouse"), an independent insurance agent, actually sold them the policy and helped them fill out the application. RSAF ¶ 1. The application asked, *inter alia*, whether Nutt had ever been treated for chronic obstructive pulmonary disease ("COPD"), to which he answered "no." RSOF

---

[1] Citations to the responsive fact documents are for brevity only; the cite may refer to material in the asserted fact and/or the response.

¶¶ 3-4. Rouse also reviewed other medical questions with Nutt, and Nutt stated that he had never been treated or even been told to seek treatment for COPD. RSAF ¶ 2.

The application included an acknowledgment by which Nutt and Smith agreed that their answers to its questions were true and that incorrect answers would render the application void. RSOF ¶ 5. The parties disagree as to whether United would have issued any life insurance policy had Nutt answered "yes" to the COPD question.[2] RSOF ¶ 6. Nutt was interviewed by a United representative on April 7, 2014. RSOF ¶ 7. He was again asked about having a history of COPD, and he again answered in the negative. RSOF ¶¶ 8-9.

The insurance policy (the "Policy") was issued on May 3, 2014. RSOF ¶ 10. Due to non-payment of premiums, the Policy was cancelled. RSOF ¶¶ 11-12. Nutt and Smith resubmitted their application, and Nutt's answer to the COPD question remained "no." RSOF ¶ 13. The Policy was reissued on July 3, 2014. RSOF ¶ 14.

On July 10, 2015, Smith submitted a claim under the Policy. RSOF ¶ 15. She included a copy of Nutt's death certificate, indicating that he had died of a gunshot wound, and that it had been ruled a homicide. RSOF ¶ 16; RSAF ¶ 9. Because the Policy included a two-year contestability period, United began to review the Policy application and Nutt's medical records. RSOF ¶ 17; RSAF ¶ 8. United could only obtain records from one of Nutt's

---

[2] United claims that it would not have issued the level benefit policy that it actually did issue, while Smith counters that United would have issued a graded benefit policy. RSOF ¶ 6; RSAF ¶ 5. This dispute need not be resolved because it is not material to United's motion.

treating physicians, Dr. Geoffery Nkwazi ("Dr. Nkwazi"), despite seeking other medical records. RSOF ¶ 18; RSAF ¶¶ 10, 15, 17.

Dr. Nkwazi's records appeared to show that Nutt complained of chest pain in 1992 and a recent bout of coughing. RSOF ¶¶ 19-20; RSAF ¶ 18. Dr. Nkwazi's handwritten notes included the words "COPD" and a diagnosis code for COPD. RSOF ¶¶ 21-22. He ordered laboratory tests and x-rays, and his order included the phrase "COPD and smoker." RSOF ¶ 23. The radiology report of the x-rays stated that Nutt's lungs were "well aerated and clear." RSAF ¶ 20. At a follow-up visit, Dr. Nkwazi noted that Nutt's lungs were clear and did not mention COPD. RSOF ¶ 25; RSAF ¶ 21. The visit resulted in a prescription for cough medication. RSOF ¶ 24.

Dr. Nkwazi provided a physician's statement (the "Statement") to United dated August 3, 2015. RSOF ¶ 26; RSAF ¶ 16. The Statement, made without the benefit of Nutt's autopsy report, indicated that Nutt had chronic COPD since the beginning of 2011. RSOF ¶ 27; RSAF ¶ 24.[3] Based on Dr. Nkwazi's records and the Statement, United concluded that Nutt had lied about his COPD on the Policy application, and rescinded the Policy on September 1, 2015. RSOF ¶¶ 28-29; RSAF ¶ 28. Smith was refunded the premiums which had been paid on the Policy. RSOF ¶ 30.

After receiving the rescission letter, Smith called United multiple times, stating that the reference to COPD in Nutt's medical records must be a mistake, as she had no knowledge of him ever being treated for the disease. RSAF ¶¶ 30-31. Smith also asked whether United would forward the autopsy report to Dr. Nkwazi and send her Nutt's medical records. RSAF ¶¶ 32-33.

---

[3] The autopsy report seemed to indicate a lack of pulmonary and circulatory damage associated with COPD, and it did not list COPD as one of Nutt's medical conditions. RSAF ¶ 23.

United did neither. RSAF ¶ 34. United conducted no other investigation on its decision to rescind after September 1, 2015. RSAF ¶ 35. At the end of 2015, the Milwaukee County Medical Examiner's office issued a report indicating that Nutt did not have COPD. RSAF ¶ 36. Based on his review of the autopsy report, Dr. Nkwazi offered an addendum to the Statement in the spring of 2016 which recanted his prior COPD diagnosis. RSAF ¶ 37.

5.   ANALYSIS

Smith's lawsuit presents two claims: one for breach of contract, and the other for bad faith denial of her insurance claim. *See generally* (Docket #1-1). United has moved for summary judgment with respect to the bad faith claim only. (Docket #8). As this Court sits in diversity jurisdiction, Wisconsin law governs. (Docket #1 at 1); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Wisconsin treats bad faith denial of insurance claims as "a separate intentional wrong" from an insurer's breach of the insurance contract because it "results from a breach of duty imposed as a consequence of the relationship established by contract." *Anderson v. Continental Ins. Co.*, 271 N.W.2d 368, 374 (Wis. 1978). To prove a bad faith claim, a plaintiff must show "(1) 'the absence of a reasonable basis for denying benefits of the policy,' and (2) 'the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.'" *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 595 (7th Cir. 2012) (quoting *Anderson*, 271 N.W.2d at 376).

5.1.   Reasonable Basis

The first element of a bad faith claim is an objective test as to "'whether the insurer properly investigated the claim and whether the results of the investigation were subject to a reasonable evaluation and review.'" *Advance Cable Co., LLC v. Cincinnati Ins. Co.*, 788 F.3d 743, 748 (7th Cir. 2015) (quoting *Brown v. Labor & Indus. Review Comm'n*, 671 N.W.2d 279,

287-88 (Wis. 2003)). In other words, "[a]n insurer will have committed the tort of bad faith only when it has denied a claim without a reasonable basis for doing so, that is, when the claim is not fairly debatable." *Mowry v. Badger State Mut. Cas. Co.*, 385 N.W.2d 171, 180 (Wis. 1986).

The parties disagree on the time at which the "reasonable basis" for denial is assessed. United asserts that the analysis is constrained to the time at which the decision to deny benefits is made. *Tripalin v. American Family Mut. Ins. Co.*, 880 N.W.2d 183, 2016 WL 1370129 *3 n.5 (Wis. App. Apr. 7, 2016) (citing *Ullerich v. Sentry Ins.*, 824 N.W.2d 876, 884-85 (Wis. App. 2012)); (Docket #9 at 10-11). Smith argues that it is a continuing inquiry, and given Dr. Nkwazi's changed diagnosis and the medical examiners' report, no reasonable basis for denial exists today. (Docket #17 at 13). However, Smith's only citation in support of this argument is inapposite. The *Alt* case concerned an insurer's liability on a bad faith "failure to settle" claim, not bad faith denial of benefits. *See generally Alt v. American Family Mut. Ins. Co.*, 237 N.W.2d 706 (Wis. 1976). The Court declines what is essentially Smith's invitation to disagree with *Tripalin*.

With the "reasonable basis" time frame thus established, the Court may address the parties' substantive arguments. United, of course, asserts that Smith's claim was fairly debatable. Its primary support for this is the *Hejsak* case. *Hejsak v. Great-West Life & Annuity Ins. Co.*, 331 F.Supp.2d 756 (W.D. Wis. 2004). There, the insured answered "no" to a question on the insurance application asking whether he had a central nervous system disorder. *Id.* at 758-59. Upon his death, the insurer denied the claim for coverage because the medical records revealed that he had been diagnosed as "'physically disabled by spinal damage at multiple levels,' [requiring] 'ongoing and regularly scheduled medical care for multiple medical

Page 7 of 10

Case 2:15-cv-01344-JPS   Filed 08/03/16   Page 7 of 10   Document 22

problems[.]'" *Id.* at 759. The parties disputed whether this diagnosis fell within the definition of a "central nervous system disorder." *Id.* at 762-65. The court agreed with the insurer that the "discussion of spinal damage in Hejsak's medical records suggests that it had a reasonable basis" to deny the claim. *Id.* at 766. The court found that "[a]lthough a reasonable person may not view his back injury as a 'central nervous system disorder[,]' …another reasonable person working for the insurer might view it as such." *Id.* at 767.

United argues that its case is better than the insured in *Hejsak*. There is no issue with an ambiguous term here; COPD was specifically referenced in the application. (Docket #9 at 9-10). The only medical records available to United at the time were those which mentioned COPD and the Statement diagnosing COPD. *Id.* Smith counters that whereas Hejsak was fully aware that he had a spinal injury, Nutt never believed he had COPD. (Docket #17 at 11-12). Further, the *Hejsak* insurer asserted the spinal injury as a basis for denial from the outset, while United's position has been less resolute. *Id.* at 12. United initially indicated that it may deny the claim due to a misrepresentation without stating what the misrepresentation was, and upon receiving the Statement specifically identified the denial grounds as Nutt's COPD diagnosis. *Id.* at 12-13.

The undisputed evidence shows that Smith's bad faith claim must fail. United was within its rights to review the policy given that Smith's claim occurred within the contestability window. It sought medical records and, from those it could obtain, there was some basis to believe that Nutt had lied about his COPD. Though that basis was moderated by other statements in the records, for instance the "well aerated" opinion on Nutt's x-rays, all that is required "[t]o avoid a bad faith claim…[is] one reasonable basis on which

Page 8 of 10

to deny benefits." *Hejsak*, 331 F.Supp.2d at 766.[4] As of September 1, 2015, United had "exercise[d] its duty of ordinary care and reasonable diligence in investigating and evaluating" Smith's claim and had a reasonable basis to debate the claim. *Duir v. John Alden Life Ins. Co.*, 754 F.2d 245, 249 (7th Cir. 1985). As noted above, the fact that the basis for denial later evaporated is no reason to impose bad faith liability for the earlier denial decision. *Tripalin*, WL 1370129 at *3 n.5. The Court offers no opinion on the appropriateness of United's post-denial conduct, but on the undisputed facts presented, it has avoided Smith's bad faith claim.

5.2     Knowledge of Lack of Reasonable Basis

The second element of a bad faith claim is a subjective question of "whether the insurer was aware that there was no reasonable basis for denial, or that it displayed 'reckless disregard of a lack of a reasonable basis for denial or a reckless indifference to facts or to proofs submitted by the insured.'" *Advance Cable*, 788 F.3d at 748 (quoting *Anderson*, 271 N.W.2d at 377). Because the Court found that United had a reasonable basis for denial, Smith's bad faith claim cannot be proven, and thus it need not reach the parties' arguments with regard to this element.

6.     CONCLUSION

As of September 1, 2015, United had a reasonable basis upon which to deny Smith's claim for benefits. The Court must, therefore, grant summary judgment to United on Smith's bad faith claim.

Accordingly,

---

[4] Smith insists that Nutt never knew he had COPD, or at least a diagnosis for COPD. This is irrelevant to her bad faith claim. The only inquiry is to what the insurer knows and whether that amounts to a "fairly debatable basis for denying a claim." *American Cas. Co. of Reading, Pa. v. B. Cianciolo, Inc.*, 987 F.2d 1302, 1306 (7th Cir. 1993).

IT IS ORDERED that the defendant's motion for partial summary judgment (Docket #8) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the plaintiff's cause of action for bad faith denial of her insurance claim (Docket #1-1 at ¶ 17) be and the same is hereby DISMISSED with prejudice.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge